UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERRICK ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-0267 (UNA) |
| ) | |
| DURHAM TECHNICAL COMMUNITY ) | |
| COLLEGE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court GRANTS the application and, for the reasons discussed below, DISMISSES the complaint without prejudice.

Plaintiff brings this action against Durham Technical Community College ("DTCC"), Guilford Technical Community College ("Guilford"), and Guilford's Director and legal counsel. *See* Compl. at 2-3, 5. He alleges he was expelled from DTCC, later attended classes at Guilford, and was denied "a certificate in paralegal technology when [he] graduated from [Guilford.]" *Id*. at 5. He demands "compensate[ion] in the amount of 48 Trillion dollars." *Id*. at 6.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction. *See* FED. R. CIV. P. 8(a).

1

Notwithstanding plaintiff's reliance on 42 U.S.C. § 1983, *see* Compl. at 3, this complaint does not present a federal question, and "[t]he mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)).  Nor does the complaint demonstrate diversity jurisdiction.  Each party's "citizenship . . . must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004) (citation omitted).  While all the defendants appear to reside or conduct business in North Carolina, plaintiff does not state his residence or citizenship.

The Court concludes that this federal district court lacks subject matter jurisdiction and, therefore, the complaint will be dismissed without prejudice.  An Order is issued separately.

/s/
RUDOLPH CONTRERAS
United States District Judge

DATE: February 18, 2025